[Civ. No. 709.   Fourth Appellate District.—April 30, 1931.]

THOMAS B. SARGENT, Respondent, v. SEYMOUR FINANCE CORPORATION, Appellant.

James H. Van Law for Appellant.

LeRoy Reames and James R. Jaffray for Respondent.

BARNARD, P. J.—The defendant corporation employed the plaintiff to do some engineering work upon certain real property in Mono County, California, in connection with

preparing said property for subdivision and sale as cabin sites. This action was brought by the plaintiff to recover compensation for said services, and this appeal is from a judgment rendered in his favor.

Appellant first urges that there is a fatal variance between the pleadings and the proof, in that the complaint alleges a definite agreement to pay a certain sum for the work, whereas it is contended that the evidence fails to show any agreement as to the price of the work, but does show the reasonable value thereof. The pertinent part of the complaint reads as follows:

" . . . defendant became . . . indebted to plaintiff . . . $6,457.10 for work and labor performed by plaintiff for defendant at its request, and in consideration thereof defendant agreed and promised to pay plaintiff when requested the said sum of $6,457.10 . . . $4,307.10 unpaid . . . "

The answer of the defendant contains the following:

"Defendant is the owner of land in Mono County comprising more or less of 340 acres. At request of defendant, plaintiff . . . delivered a letter to defendant . . . ' . . . I am estimating the engineering services at $12.50 per acre . . . based upon the assumption that the entire property will be included . . . ' Upon receipt of said letter and in reliance thereon defendant did employ plaintiff to perform the services set forth. Plaintiff undertook to check the boundaries of tract 1, at defendant's request. So far as defendant knows plaintiff did correct said boundary. It was agreed that plaintiff should receive $12.50 an acre on tract 1."

A map which was introduced in evidence shows 300 acres marked "Seymour Finance Corp." lying in sections 17, 21 and 22 in township 2 south, range 26 east, and also shows another tract of 80 acres, being the portion referred to in the answer as "Tract 1", marked in the same manner, and situated about two miles away from the main body of the land. The president of the defendant corporation testified as follows:

"I am president of defendant company. I had a conference with plaintiff on subdividing property for defendant. I exhibited to him a map showing the location of the *properties* we proposed to subdivide. The property is enclosed in white on the map.

"The work in sec. 14 was in excess of the work contemplated in the estimate. *I told him we wanted it all subdivided to be ready for the market. Just lumped the property at $12.50 an acre.* The 80 was taken in after the letter was written. We told him we would pay him $12.50 an acre on that 80.

"Calling attention to the map enclosed in the lines indicating the Seymour Finance Corporation, testified to by me as being submitted at the conference for the estimate, 80 acres are enclosed in section 22, in section 21 are enclosed 160 acres, and in section 17 are enclosed 59.76 acres. In section 14 is enclosed 80 acres. That in section 14 was not in the original estimate." (Italics ours.)

The court found as follows:

"Within one year prior to September 29, 1927, the plaintiff performed work and labor for defendant at its request and the defendant agreed and promised to pay plaintiff for such work and labor the sum of $4,750, of which sum defendant has paid $2,879, and the sum of $1,871 remains wholly due, owing and unpaid."

We think this finding is supported by the evidence, and that there is no fatal variance between the pleadings and the proof. The defendant's answer admits that after receipt of the letter estimating the engineer's services at $12.50 per acre, based upon the assumption that the entire property would be included, the defendant employed the plaintiff to perform the services set forth. It also admits that the additional 80 acres was added with an agreement to pay $12.50 an acre for the work on the same. The president of the defendant corporation stated that he exhibited to the plaintiff the map showing both the 300 acres and the additional 80 acres which was later added. He further testified that he told the plaintiff they wanted the property all subdivided, to be ready for the market, and that "they just lumped the property at $12.50 an acre." It can reasonably be inferred from this evidence that it was agreed that $12.50 an acre should be paid for both portions of the work. There is evidence that the required work was performed on the entire 380 acres, and that number of acres at $12.50 per acre makes $4,750, the amount of compensation as found by the court. This finding is not only supported by the evidence, but is a sufficient finding to support the judgment.

■ While some reliance is placed upon certain remarks made by the court during the progress of the trial, indicating that the court was trying to get at the reasonable value of the services performed, these remarks are of no materiality here, and the findings must rest upon the evidence alone. (*Goldner* v. *Spencer*, 163 Cal. 317 [125 Pac. 347].)

■ Another point raised is to the effect that an attempt has been made to base the judgment upon an estoppel, without pleading the same. This contention rests upon the claim that the map showing a total of 300 acres, marked with the name of the defendant corporation, was used as proof that they owned that amount of land, whereas other evidence shows they owned only 300 acres. This contention is without merit. No question of estoppel is involved. The record contains ample proof that the plaintiff was employed to do the work upon these two tracts of land, amounting to 380 acres, and whether or not the defendant owned the land is not material.

■ Appellant insists that a number of findings are not supported by the evidence. Many instances wherein it is claimed the evidence is not sufficient to support a finding are incompletely set forth, after which appellant states that some four instances have been pointed out wherein specific findings are not supported by the evidence, and then counsel continues:

"Counsel has examined the reporter's transcript of this case thoroughly on several occasions and has studied the testimony of the witnesses deduced at the trial in connection with the findings, in an effort to point out wherein the same are not supported by the evidence. . . . counsel has come to the conclusion that an examination of the entire record by the appellate court will be almost necessary in order to permit the court to determine accurately wherein the findings are not supported by the evidence."

In spite of this implied compliment, we have been no more successful than was counsel in discovering a material finding that is unsupported by the evidence. We have examined the specific findings attacked and not only find them supported by the evidence but, in our opinion, the findings in question were unnecessary in view of the controlling finding first above quoted. It fully appears that the respondent performed certain work which he was hired to

do, and the price per acre to be paid for the work is not seriously disputed. Laying aside the technicalities raised, the only serious claim made, upon the merits, is that the work in question was only performed upon 300 acres, instead of 380 acres. And this claim largely rests upon the contention that the appellant actually owned only 300 acres. But all of the evidence, including the testimony of appellant's president, preponderates so strongly in favor of the larger figure that it is not easy to see how the court could have found otherwise.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.